**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


LARRY SHELTON JAMES,                    )
                                        )
                    Petitioner,         )
                                        )
          v.                            )        1:09CV561
                                        )
ALVIN W. KELLER, JR.,                   )
                                        )
                    Respondent.         )


**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 18, 2000, in the Superior Court of Durham County, Petitioner pled guilty to two counts of robbery with a dangerous weapon, one count of attempted robbery with a dangerous weapon, and one count of common law robbery in cases 00CRS54014, -54065, -54095, and -54865. He was sentenced to a consolidated term of 117 to 150 months of imprisonment. Petitioner did not file a direct appeal. On August 1, 2003, he did file a motion for appropriate relief in the trial court, but that motion was denied. Petitioner later pursued a second motion for appropriate relief which was also unsuccessful. He dated his present habeas petition as signed and mailed on July 17, 2009. The Court received it on July 23, 2009.

Respondent moved to dismiss the instant petition on statute of limitations grounds. The Clerk then mailed Petitioner a notice of his right to respond. Petitioner apparently misconstrued that notice as an indication that the Court had dismissed his petition,

because he sought to appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit thereafter dismissed the appeal and the matter is again properly before this Court.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). As the Fourth Circuit has explained:

Under § 2244(d)(1)(A)-(D), the one-year limitation period [for § 2254 petitions] begins to run from the latest of several potential starting dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[1]"In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since the foregoing consensus emerged, however, the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n. 3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (implying that Houston's prison mailbox rule governed determination of § 2254 petition's filing date). Because the difference between the dates on which Petitioner signed his instant Petition (i.e., the earliest date on which he could have provided it to prison officials for mailing) and the date on which the Clerk received the Petition would have no effect on the timeliness of the filing, the Court declines to consider this issue further.

> right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). Petitioner has not presented any basis for concluding that subparagraphs (B), (C), or (D) apply in this case. As a result, his one-year limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. 2244(d)(1)(A).

Here, the state court entered Petitioner's judgment on September 19, 2000. His time to file any possible appeal would have expired 14 days later. See N.C.R. App. P. 4(a) (fourteen days to serve notice of appeal). Petitioner's year to file his federal habeas petition then began to run and fully expired a year later in early October of 2001. However, Petitioner did not file his Petition in this Court until July of 2009.

Although Petitioner sought collateral relief in the state courts, he failed to do so until the summer of 2003, after his time to file in this Court had already expired. State court filings made after the one-year limitations period has expired do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Under these circumstances, Petitioner filed his instant petition out of time under § 2244.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v.

<u>Florida</u>, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id.</u> (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Here, Petitioner has advanced no grounds to support an equitable tolling argument. In fact, he has not contested the facts set out above or even responded to Respondent's motion to dismiss. Petitioner did provide an explanation for his late filing in his petition. However, that explanation is largely unintelligible and would not support equitable tolling. Accordingly Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 5) be granted, that the habeas petition (Docket Entry 2) be dismissed, and that Judgment be entered dismissing this action.


<u>     /s/ L. Patrick Auld     </u>
**L. Patrick Auld**
**United States Magistrate Judge**

September 20, 2010

-4-